UNITED STATES *ex rel.* PORTSMOUTH SAV. BANK *v.* BOARD OF AUDITORS OF THE TOWN OF OTTAWA.

*(Circuit Court, N. D. Illinois. July 26, 1886.)*

1. STATUTE OF LIMITATIONS—STATUTE NOT APPLICABLE TO JUDGMENTS IN COURT OF RECORD—SECOND SECTION OF ILLINOIS ACT OF APRIL 11, 1873.
    Under the second section of the act of April 11, 1873, amendatory of chapter 83, Rev. St. Ill., the right of action on judgments in any court of record is preserved for 20 years, and is not barred by the statute of limitations.
2. EXECUTION—EXEMPTION FROM—JUDGMENT AGAINST A TOWNSHIP.
    Under the township organization laws of Illinois, a judgment against a township cannot be collected by execution.
3. MANDAMUS—TO BOARD OF TOWN AUDITORS—SCIRE FACIAS.
    *Mandamus* will lie to compel a board of town auditors to audit and certify, as a valid debt, a judgment rendered against the town, although more than seven years have elapsed since the rendition. Such judgment would have no greater legal force if revived by a *scire facias.*
4. JUDGMENT—CONCLUSIVENESS—RES ADJUDICATA.
    That a judgment was rendered for interest upon certain bonds issued by the town to aid in the construction of a railroad, and that both the supreme

court of the state of Illinois and the supreme court of the United States after-wards decided that such bonds were void for want of power in the town to issue the same, does not affect the conclusiveness of such judgment in a case where no appeal or writ of error has been taken.

5. SAME—JUDGMENT AGAINST TOWN—DUTY OF TOWN AUDITORS.

After a judgment has been rendered against a town by a court of compe-tent jurisdiction, even if the court erred in so rendering it the judgment is binding upon the town until it is reversed by an appellate court, and the board of town auditors have no discretion, but must audit it as a town charge.

Petition for *Mandamus.*

*G. S. Eldredge,* for relator.

*H. T. Gilbert,* for respondent.

BLODGETT, J. This is a petition for a *mandamus* to compel the board of town auditors of the town of Ottawa to audit and certify, as a valid debt against the town, a judgment rendered against the town in this court in favor of the relator in 1874.

Respondents have answered, setting up as defenses or reasons why a writ of *mandamus* should not issue: (1) That the judgment is barred by the statute of limitations of the state of Illinois. (2) That the judgment was rendered more than seven years before the filing of this petition, and no execution has ever issued thereon; and, as no execution can now issue for its collection, therefore it cannot be collected by resorting to a writ of *mandamus.* (3) That the judg-ment in question was rendered for interest upon certain bonds issued by the town to aid in the construction of a railroad; and that both the supreme court of the state of Illinois and the supreme court of the United States have decided that such bonds were void for want of power in the town to issue the same.

To this answer a general demurrer is filed by the relator, whereby it is insisted that neither of the defenses set up show a sufficient reason why the writ should be denied.

I do not think the defense of the statute of limitations, as urged by the first point, can avail the respondent. The second section of the act of April 11, 1873, amendatory of chapter 83, Rev. St. Ill., pro-vides that judgments in any court of record in this state may be re-vived by *scire facias,* or an action of debt may be brought thereon, within 20 years next after the date of such judgment, and not after. This section clearly takes judgments in the courts of record out of the classes of indebtedness covered by sections 15 and 16 of chapter 83, which relate specifically to indebtedness evidenced by oral and writ-ten contracts, and preserves the right of action on such judgments for the term of 20 years.

As to the second point, that, as an execution cannot issue on the judgment, therefore a writ of *mandamus* cannot be resorted to for its collection, on its first statement the argument seemed to me to have much force; but it has been repeatedly held by the supreme court of this state that a judgment against a municipal corporation cannot be collected by execution, and under the township organization laws

of this state the townships are *quasi* municipal corporations for governmental purposes, and the property held by them is held for a public purpose, which would seem to bring it within the same rule. Article 9, § 12, Const. Ill.; *City of Chicago* v. *Hasley*, 25 Ill. 595; *Town of Odell* v. *Schroeder*, 58 Ill. 353; *City of Paris* v. *Cracraft*, 85 Ill. 294; *Norton* v. *Peck*, 3 Wis. 714; *Rumford* v. *Wood*, 13 Mass. 193; *Drake* v. *Phillips*, 40 Ill. 388.

It is true that the statute of this state provides that, when an execution is issued within one year after the rendition of a judgment, it shall be a lien upon the real estate of the defendant for a period of seven years from the time the same was rendered, and that unless execution is issued within one year the lien only continues one year from the rendition of the judgment. Section 1, *c*. 77, Rev. St. Ill. And it is also provided that no execution shall issue upon any judgment after the expiration of seven years from the time the same was rendered, except upon the revival of the same by *scire facias*. Section 6, *c*. 77, Rev. St. Ill. I do not, however, see that these provisions as to the lien of a judgment upon real estate, and the time within which an execution may issue, control or affect the question raised in this case. The statutes of the state provide that judgments against towns are a town charge, and when collected shall be paid to the person or persons to whom the same shall have been adjudged. Haines, Tps. (Ed. 1883,) 66. The town board of auditors have no discretion to refuse to audit a valid judgment against their town, and have no power to pass in review upon a judgment recovered against the town upon the solemn adjudication of a court. *Town of Lyons* v. *Cooledge*, 89 Ill. 529; *Supervisors* v. *U. S.*, 4 Wall. 444; *U. S.* v. *New Orleans*, 98 U. S. 381; *City of Cairo* v. *Campbell*, 5 N. E. Rep. 114, (January Term, 1886.)

On the rendition of this judgment against the town it became the duty of the town board of auditors to audit it, and provide for its payment. No execution was needed, and the issue of an execution could add nothing to the plaintiff's right; and this right to have the judgment audited, and a tax levied and collected for its payment, seems to me to be a continuing right, in no way dependent on the question as to the lien of the judgment, or whether an execution could issue upon it. The issue of an execution could do the plaintiff no good, as he could make no levy upon the property of the town, and collect nothing by it; and hence the plaintiff's right to enforce the payment in the only way in which a judgment can be enforced against a municipality, that is, by writ of *mandamus*, is in no way impaired by the lapse of the seven years. The plaintiff, if this judgment were revived by a *scire facias*, would acquire no additional right against the town to that which he now has; and the judgment, if revived, would have no greater legal or moral force than it now has. I am therefore of opinion that the *mandamus* will lie to compel the auditing of this judgment, and the levy and collection of a tax for its pay-

ment, although more than seven years have elapsed since its rendition.

As to the last point made, that the bonds issued by the town for a portion of the interest upon which this judgment was rendered, were subsequently held to be invalid by the supreme court, it seems to me sufficient to say that the questions as to the validity of this indebtedness were all raised in this suit, and this court held that the indebtedness was valid, and rendered judgment against the town. This judgment was never appealed from, and remains unreversed, and no error has been adjudged in reference to this particular case. Decisions of the supreme court in other suits on the same series of bonds or indebtedness do not reverse or affect this judgment. It is true that under the rulings of the supreme court, as to the law under which these bonds were issued, it may be said that this court erred in rendering this judgment, but this judgment was conclusive until reversed for such error by an appellate court. This state of things results from the rule limiting the right of review of cases in this court by the supreme court to judgments where the amount involved exceeds $5,000. This judgment, having been rendered for less than $5,000, has never been taken to the supreme court, and therefore remains unreversed.

Nor do I think there is any force in the argument made by respondent's counsel that this judgment cannot be enforced by *mandamus* because the town had no authority to create the debt in question, and therefore has no authority to levy a tax for its payment; because when the judgment was rendered against the town it became a charge against it as completely as if it had been rendered for a debt which the town had full authority to contract. After a judgment has been rendered by a court of competent jurisdiction, even if the court erred in so rendering it, the judgment is binding upon the town until it is reversed by an appellate court, and the board of town authorities have no discretion, but must audit it as a town charge. *Town of Lyons* v. *Cooledge*, 89 Ill. 529.

The only place where the question of the validity of these interest warrants could be raised was in the suit wherein this judgment was rendered, and on that question the town has had its day in court, and the question was adjudged against them. It can be said that a town has no right to commit a tort against an individual, but if a tort is committed, and a judgment recovered for damages by reason of such tort, the town is bound to pay the judgment; and so in regard to any judgment which is rendered. The moment a judgment is pronounced, that moment it becomes the duty of the town to pay it, and of the town officers to see that it is paid by taking steps for the levying and collecting of a sufficient tax; and the town officers cannot, after judgment, be heard to question the validity of the indebtedness for which the judgment was rendered.

The demurrer to the answer is sustained, and a writ of peremptory *mandamus* awarded.