## HOWARD v. CITY OF HURON, *et al.*

1. In mandamus proceedings to enforce a private right, the real party in interest should be named as plaintiff, and such proceedings should not be entitled in the name of the state on the relation of such party.

2. When the return to an application for a writ of mandamus puts in issue no material facts affecting the substantial rights of the parties, the court may hear and determine the case upon questions of law alone.

After a judgment has been rendered against a city by a court of competent jurisdiction, such city is concluded from contradicting such judgment in proceedings against it to enforce the same by mandamus, when the conditions of the case are such that an examination of the record upon which the judgment is based is neither proper nor necessary in order to obtain the remedy.

(Syllabus by the Court. Opinion filed July 17, 1894.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Application by Joseph D. Howard against the city of Huron and the mayor and council requiring them to levy a tax. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*A. W. Wilmarth,* (*H. Ray Myers, of counsel*), for appellants.

An alternative writ of mandamus is in the nature of a declaration in an ordinary suit of law and is subject to the same rules of pleading. 14 Am. E. Enc. Law, 212. When the alternative writ demands more than the relator is entitled to, judgment will be given for respondent. High Ext. Leg. Rem. 2d. Eq. § 539; Florida v. State, 13 So. 107. A judgment must accord and be warranted by the pleadings. Backman v. Sepulvedge, 39 Cal. 688; Marshman v. Conklin, 28, N. J. Eq. 546; Parsley v. Nicholson, 65 N. Car. 207; Freverd v. Henry, 14 Nev. 19. The peremptory writ must follow the alternative. Comp. Laws, § 5519; Chance v. Temple, 1 Ia. 179; People v. Lupervican, 1 Hill 50; State v. Co. 12 Ia. 237; State v. Cherair, 16 S. C. 524; Price v. Hared, 1 Ia. 473; State v. Kansas City, 77 Mo. 143; Queen v. East, 2 El. & Bl. 466. It is error to grant a peremptory writ without trial when issues of fact are tendered in the pleadings. Comp. Laws, § 5522; Scheud v. Aid, 5 N. W. 355; State v. Town, 24 N. W. 905; Am. Walworth Co. v. State, 48 N. W. 64; State v. Town, 34 N. W. 124; State v. Maintowac, 52 Wis. 423; Id. v. Hastings, 10 Wis. 518; Id. v. Elwood, 11 Wis. 17; People v. Green Co., 64 N. Y. 600.

The plaintiff must also show an actual ommission to perform the act sought to be enforced before the writ will issue. 14 Am. E. Enc. Law; High Ex. L. Rem. 2d. Ed. § 12; State v. Carney, 3 Kas. 88; Coit v. Elliott, 28 Ark. 294; Coners v. Coners, 20 Md. 499; State v. Ricing, 15 Nev. 164; Id. v. York, 8 M. A. 92; Id. v. Dubuoclet, 24 La. An. 16; Id. v. Ramsey, 8 Neb. 286; Id. v. Burbank, 22 La. An. 298; County v. The People, 58 Ill. 191. A demand is necessary for the exact duty required to be performed before the writ can issue. Chance v. Temple, 1 Ia. 189; Orivelle v. Pumas Co. 37 Cal. 354; People v. Hyde Park, 117 Ill. 462; Kemerever v. State, 7 Neb. 133; People v. Whettmore, 4 Mich. 27; Dobbs v. Stauffuer, 24 Kas. 12; State v. Hull, 17 Minn. 429; Bryson v. Spaulding, 20 Kas. 467; State v. Eberhart, 14 Neb. 201; People v. Walker, 9 Mich. 338; State v. Gowner, 1 Dutch. 331; State v. Leher, 7 Rich. 234; Jefferson Co. v. Arrghi, 51 Wis. 667; Lee Co. v. State, 36 Ark. 276; State v. Schaock, 28 Minn. 358; Douglas v. Chapin, 41 Conn. 211; People v. Railroad, 55 Ill. 95; U. S. v. Boutwell, 17 Wall. 604; 2 Dillon Mun. Cor. 4th Ed. § 856. A city is not estopped by the acts of the officers from denying the authority of such officers to pledge the faith of the city to pay debts after the city has exceeded its constitutional limit of indebtedness. 15 Am. E. Enc. Law, 1292; Chrisholm v. Montgomery, 2 Wood 584; Weismer v. Village, 64 N. Y. 91.

A city is not estopped from setting up its defense against an agreement made by its officers which is illegal and void for want of power in said officers to make. McPherson v. Foster, 43 Ia. 62; Freaway v. Schunaber, 1 Dak. 248; Letchfield v. Ballan, 114 N. S. 190; Buchanan v. Litchfield, 102 U. S. 278; Dorn v. Cummings, 142 U. S. 336; Lake v. Rolliar, 130 U. S. 662. A mandamus proceeding to compel a levy for the payment of a judgment is a proceeding in aid of execution. U. S. v. Knox Co., 122 U. S. 306; Ralls v. U. S. 105 U. S. 733; Wolff v. New Orleans, 103 U. S. 358; Louisana v. U. S. 103 U. S. 289; Farrar v. Bates, 55 Tex, 193.

*E. H. Aplin,* for respondent.

A judgment cannot be attacked collaterally.  Nichols v. Wimer, 19 Tex. 475;  Rogers v. Rogers, 15 B. Mon. 364;  Mc-Goon v. Scales, 9 Wall, 23;  Porter v. Gile, 47 Vt. 620;  Morris v. Gentry, 89 N. Car. 248; Harris v. Lester, 80 Ill. 307.  A peremptory writ of mandamus is the lawful remedy to compel a municipality to levy and collect a tax to pay a judgment against it.  Cairp v. Everett, 107 Ill. 75; City v. Harvey, 50 Ill. 453; Superverore v. U. S. 4 Wall, 444; Tanesville v. Richards, 5 O. St. 589;  Woodward v. Hill,  6 Wis.  143;  Sandson v. Luce, 1 Chand. Wis. 231; Vilas v. Reynolds,  6 Wis. 214.  No demand of payment of the judgment is necessary before the issuance of the writ.  Cairo v. Campbell, 5 N. E. 114;  Coy v. Lyons, 17 Ia. 1; Sae v, City, 22 Fla. 21.

FULLER, J.   On the 10th day of  July, 1891, plaintiff and respondent recovered a judgment against appellants, a municipal corporation, which at the commencement of this proceeding amounted to $4,717.62, including costs and accrued interest. Appellants charter requires  the  city  council  to meet on  the first monday in September of each year, and to  levy  such sum or sums of money as may  be  sufficient for the payment of current expenses and debts of the corporation, including the interest on bonds and the principal of all matured bonds; and the city council having failed and  refused  at the September, 1891, and September, 1892, meetings, and at all subsequent times, to make any levy or provision for the payment of plaintiff's judgment, or any part thereof, plaintiff applied to the circuit court for an alternative writ of mandamus, which was granted on the 30th day of August, 1893,  returnable  three  days thereafter, and requiring said defendant corporation and its  city  council, at its September, 1893, meeting, to levy and include within the 10-mill limit fixed  by law  a  sum  of  money sufficient to pay plaintiff's judgment; and  the levy was  directed  to be based upon the assessed valuation of the real and  personal  property

of the city of Huron, as returned and equalized by the city and county boards of equalization; and, in case of failure, to comply with said order, defendants were required to show cause before the court, at a specified time and place, why such levy had not been made, and why the same should not be made, to satisfy said judgment.    Upon the return of the alternative writ, and for the purpose of showing cause why they should not be required to comply therewith, defendants admitted, by way of answer, the rendition and existence of plaintiff's judgment, and that it is the duty of the city council to levy and collect taxes to pay the current expenses of the city and the debts of the corporation, within the limit of 10 mills on each dollar of the assessed valuation, and 4 mills on the dollar to create a sinking fund to pay future bonded indebtedness, and alleged that defendants have no other power to levy a tax, and no other resources for revenue, except about $600 per annum obtained from licenses; that the city council had no power to incur the debt upon which plaintiff's judgment was obtained, and at the time the liability was incurred, and at the present time, the city of Huron was and is indebted in excess of the statutory and constitutional limit; that the indebtedness upon which the judgment is based was created for the construction of a well for the purpose other than the public use, and that the city council had no power to levy and collect a tax to pay a debt thus created. Defendants further stated, on information and belief, that all the funds that can be obtained from the maximum levy will be necessary to defray the current expenses for the ensuing year.

By stipulation of counsel the matter was argued and submitted on the 1st day of September, 1893; and the court rendered judgment in favor of the appellee, substantially as follows: "It is hereby ordered and adjudged that the city of Huron, a municipal corporation, and the city council of the city of Huron, consisting of H. Ray Myers, Mayor, and F. H. Molton, Walter Briton, George Mallett, Irving Thoman, C. D. Joy, W. F. T. Bushnell, George Grove, and John Ward, aldermen,

and each of them, and their successors, shall on September 4, A. D. 1893, being the first Monday in September, 1893, or at their next meeting after the levy of such sum or sums of money as may be sufficient for the current expenses of said corporation for the next fiscal year, provided it does not exhaust the ten (10) mill levy allowed by law, levy such sum of money, not exceeding in all ten (10) mills on the assessed valuation of the city of Huron, as will be sufficient to pay the judgment now held by this plaintiff, Joseph D. Howard, and against the city of Huron, defendant, amounting to the sum of four thousand seven hundred and seventeen and 62-100 ($4,717.62), principal and interest, besides accruing interest and costs of this proceeding. In case a sufficient levy cannot be made during the year 1893 to pay all of said judgment, the sum so levied and collected is to be applied in part payment of said judgment; and the balance remaining unpaid shall be provided for by a like levy in the year A. D. 1894, after the current expenses of the city of Huron have been levied, which levy, with the current expenses, is in no event to exceed ten (10) mills of the assessed valuation of the city of Huron for that year; and in case a sufficient levy cannot be made in the year 1894 to pay the amount due on said judgment, then the amount then due shall be provided for by the levy made during the year A. D. 1895, and for each succeeding year until said judgment, with interest and all costs have been fully paid. It is further ordered that any money remaining in the county treasury of Beadle county, belonging to the city of Huron, and any money remaining in the city treasury of the city of Huron, at the close of the fiscal year of 1894, and not otherwise appropriated to pay current expenses of the city of Huron for that year, from the levy made in the year 1893, shall be applied in payment upon said judgment, with interests and costs, and any balance or surplus remaining in any of the various funds in the city of Huron at the close of each fiscal year, and not used to defray the current expenses of the city of Huron for that year, shall be applied in

payment upon said judgment, until the same is fully paid, with accrued interests and all costs. It is further ordered that in case a levy be made for the payment or part payment of said judgment by the city of Huron during the year 1893, or any succeeding year, that the taxes so collected from such levy shall be paid into the county treasury in money only, and not in warrants, and such sum shall be used exclusively to apply on said judgment. It is further ordered that any levy so made as aforesaid, and upon which taxes shall be collected, shall be known as the judgment fund." From the foregoing judgment, and from an order overruling a motion for a new trial, defendants appeal.

It is argued in the brief of counsel for appellants that the court had no jurisdiction to consider the case, and that the judgment is void, because the proceedings were not entitled in the name of the state, on the relation of Joseph D. Howard. The evident object of this proceeding was to enforce a private right, in which the state was in no manner concerned, and in which Joseph D. Howard was the real party in interest. This court has held that in proceedings of this character the party beneficially interested should be named as plaintiff, and the position of counsel cannot be entertained. Smith v. Lawrence (S. D.) 49 N. W. 7; Comp. Laws, § 5505.

Counsel for appellants maintain that the pleadings raised issues of fact, and that it was error to grant the peremptory writ of mandamus without a trial of such issues. In our opinion, no issues of fact essential to a proper determination of the case, or in any manner affecting the substantial rights of either party, were raised by the pleadings, and we cannot agree with counsel in this particular. Comp. Laws, § 5526; Schend v. Society, 49 Wis. 237, 5 N. W. 355.

It is also contended that the judgment is not supported by the pleadings, and that the peremptory writ does not conform to the alternative writ, and is therefore of no force or effect.

From a careful examination of the record in the light of the law, and from a consideration of the purpose for which the proceedings were instituted, we are convinced that there is no material variance, and, without further comment, proceed to an examination of other questions presented by learned counsel for our consideration.

For a reversal of this case, defendants rely chiefly upon the undisputed fact that the city was indebted in excess of the constitutional limit of 5 per cent. on all its taxable property at the time the debt was created which was the basis for the judgment in relation to which the peremptory writ of mandamus issued; and to this subject we will studiously direct our attention, unless we should find, as plaintiff contends, that it is a question not open to inquiry in this proceeding. The defense which appellants urge against the issuance of the mandamus, if admissible and established upon the trial of the cause in which the judgment was obtained, might have been available and sufficient to defeat the plaintiff's cause of action. But no such defense was interposed, and no effort was made to have the judgment set aside, and no appeal therefrom was ever taken; and the judgment stands in full force, and is fortified by all the favorable presumptions to which a judgment of a court of general jurisdiction is entitled. Plaintiff's claim has been judicially audited, and so long as the judgment remains unsatisfied, and of record, it will continue to be a legal charge against the city of Huron, which cannot be collaterally controverted, but must be taken and treated, so far as these proceedings are concerned as the highest evidence of a valid and subsisting indebtedness, for the payment of which it is the duty of the city council, acting within the statutory and constitutional limitations, to levy a tax upon the property of the corporation. The remedy to which plaintiff resorts, as applied to the case at bar, is in the nature of an execution, being designed to secure and enforce the payment and execution of a judgment; and to allow defendants to assail and attempt to defeat such judgment in these

proceedings would deprive a judgment of the element of certainty, and enable a debtor to allow a claim to be prosecuted to judgment, and afterwards resist the satisfaction of the same, on execution, by setting up a defense which might have been available if urged upon the trial of the cause which resulted in the rendition of such judgment.   It is difficult to see upon what principle the contention of defendants counsel can be sustained. Bushnell v. Gates, 22 Wis. 210; U. S. v. New Orleans, 98 U. S. 381; Chicago v. Sansum, 87 Ill. 183; Harshman v. Knox Co., 122 U. S. 306, 7 Sup. Ct. 1171; City of Cairo v. Campbell, 116 Ill. 305, 5 N. E. 114, and 8 N. E. 688; Merrill, Mand. 131.   It is now too late to urge in this proceeding that plaintiff was not entitled to his judgment for any of the reasons mentioned in the assignments of error.   Such objections should have been interposed as a defense to the action in which the judgment was obtained.   The welfare of the city of Huron has been carefully considered and zealously guarded by the judgment of the learned court, which provides for the payment of current expenses, and the application, from year to year, of the surplus to the payment of plaintiff's judgment, until the same is satisfied.   Thus, the private rights of the individual are by the judgment made to yield subserviently to the interests of the municipality, and the defendant corporation is not compelled to pay the judgment in case the entire revenue of the city is required for the ordinary current expenses of the municipality.

In the case of Commissioners v. Loague, 129 U. S. 493, 9 Sup. Ct. 327, cited by appellants, the evidence was such that it became necessary to present for consideration and review, on the application for a mandamus, all the facts disclosed by the pleadings and the attending files and record upon which the judgment was based; and the court held that a mandamus should not be granted when the petitioner therefor is obliged to go behind the judgment, and bring all former proceedings before the court, in order to make a showing, with a view to obtaining the desired remedy, when the record which he pre-

sents shows upon its face that the judgment rests upon no cause of action whatever. The distinction between that case and the one before us is apparent. The execution of the contract and the rendition of the judgment are admitted. No reference to the record behind it is essential in this proceeding. The question which appellants seek to raise should have been urged in the suit wherein the judgment was rendered, and the city cannot now, for the first time, be heard to question the validity of the judgment in this proceeding, and rely upon an alleged want of power on its part to enter into the contract upon which the judgment was rendered. In the case of U. S. v. Board of Auditors, 28 Fed. 407, Mr. Justice Blodgett, speaking for the court, says: "Nor do I think there is any force in the argument made by respondent's counsel that this judgment cannot be enforced by mandamus because the town had no authority to create the debt in question, and therefore has no authority to levy a tax for its payment, because, when the judgment was rendered against the town, it became a charge against it, as completely as if it had been rendered for a debt which the town had full authority to contract. After a judgment has been rendered by a court of competent jurisdiction, even if the court erred in so rendering it, the judgment is binding upon the town until it is reversed by an appellate court; and the board of town authorities have no discretion, but must audit it as a town charge. Town of Lyons v. Cooledge, 89 Ill. 529. The only place where the question of the validity of these interest warrants could be raised was in the suit wherein this judgment was rendered; and on that question the town has had its day in court, and the question was adjudged against it. It can be said that a town has no right to commit a tort against an individual, but if a tort is committed, and a judgment recovered for damages by reason of such tort, the town is bound to pay the judgment; and so in regard to any judgment which is rendered. The moment a judgment is pronounced, that moment it becomes the duty of the town to pay it, and of the town offi-

cers to see that it is paid, by taking steps for the levying and collecting of a sufficient tax; and the town officers cannot, after judgment, be heard to question the validity of the indebtedness for which the judgment was rendered. The demurrer to the answer is sustained, and a writ of peremptory mandamus awarded." As a rule a city is concluded from contradicting a judgment in proceedings against it to enforce the same by mandamus; and a judgment cannot be collaterally attacked and impeached in a proceeding to enforce its satisfaction on execution, or upon an application for a mandamus in the nature of an execution, when the conditions of the case are such that an examination of the record upon which the judgment is based is neither proper nor necessary in order to obtain the remedy; and, being convinced that the case under consideration comes clearly within the rule, the judgment of the trial court is affirmed.