SECURITY STATE BANK OF FAULKTON, SOUTH DAKOTA, Respondent; v. CAVOUR SCHOOL DIS-TRICT OF BEADLE COUNTY, SOUTH DAKOTA et al. (Cavour School District, Appellant.)

(160 N. W. 850.)

(File No. 3965.   Opinion filed December 30, 1916.)

1. Schools—School Townships—School Districts—Change of Boundaries—Division of Township, of Districts, Effect on School Township Bonds—Liability of School Township, of Independent School District—Statutes.

Where parts of a school township were detached there-
from at various times, and certain sections of land were sub-
subsequently attached thereto, and thereafter school township
bonds were issued by said township by name, and the owner of
some of the bonds sued said township as "Cavour School
Township, a corporation," and also as "Cavour Independent
School District, a corporation," to recover upon said bonds,
each of the defendants appearing by separate counsel, and
judgment was rendered jointly against both school districts
as named, **held,** that although after the bonds were issued,
certain other sections of land were detached from· Cavour
School District and still later other sections were detached
from an adjoining district and added to the remaining sections
in said original school district, and the existence of Cavour
Independent School District at a date subsequent to the bond
issue and prior to the commencement of suit, was shown, it
appearing that Cavour School District comprised the whole of a
township, except such portions as are included in Cavour Inde-
pendent School District, and that the latter was organized in
part from territory originally embraced in Cavour School Dis-
trict and was part thereof at date of bond issue and when
judgment was entered; yet the identity of the area of said
independent district has remained, although variously desig-
nated under territorial and state statutes, and finally designated,
and sued in the present action to enforce said judgment, as
"Cavour School District of Beadle County;" and said joint
judgment should stand; and said Cavour School District was
properly required to levy a tax to pay a part of said judgment.
So **held,** under Laws 1883, Chap. 44; Comp. Laws 1887, Sec.
1728, (being Laws 1887, Chap. 47, Sec. 42), providing that
where civil township government has been established, any
school township thereafter organized shall assume the same
boundaries and name as the civil township and when organized
as school townships shall be known in law, etc., under the
proper name and style of each, as a school township; and
Laws 1901, Chap. 113, Sub-Chap. 3, Sec. 1, providing that in
all counties organized for school purposes under district
system each school district shall be and remain a school district
corporation until changed as therein provided, and that each
township consisting of territory not organized into a civil town-
ship shall be and remain a school district corporation until so
changed, and Sec. 5 (Pol. Code, 1903, Sec. 2326) providing that
every school district consisting of a civil township shall be
named.............School District, etc., with the name of
the civil township inserted in the blank, etc., and that every
school district consisting of territory not organized into a civil

township, but having a distinctive name, shall have such name inserted in the blank, etc.

2.   **Taxation—School District—Levy to Pay Judgment—Statute, Non-application of—Approval of Law on Date of Judgment.**

In a proceeding under Laws 1907, Chap. 135, Sec. 75, to compel Cavour School District to levy a tax to pay half of a certain judgment rendered against Cavour Township and against Cavour Independent School District, jointly, held, that Sec. 73 of said Chap., requiring county commissioners, and county superintendent to apportion property and indebtedness whenever district boundaries were changed, was not in force when the boundaries of said school township were changed, nor at date of rendition of the judgment on certain school bonds, although the act was approved on the day the judgment was entered.

3.   **Schools—School Corporations—Change in Name of Boundaries, Effect on Identity, on Liability Under Bond Issue.**

A change in name or boundaries of a school corporation does not change its liability as plaintiff or defendant; nor does a school corporation cease to exist, although its name and boundaries have been changed at various times.

4.   **Schools—Bond Indebtedness, Settlement of Between School Township and Independent School District, Effect—Suit on Bonds— Necessity of Pleading Defense of Release by Settlement—Res Judicata—Evidence, Exclusion of.**

The fact that a complete adjustment of property and bonded indebtedness had been made between a school district and a school township by which the school district claimed to have been released from its liability on the bonds, was matter of defense in a suit against both school corporations to recover upon certain bonds, and should have been pleaded in the action; and where proper service was made upon the corporation claiming to have been released, and both corporations appeared by counsel in the suit, this and all other defenses affecting the liability of the school district became res judicata, and cannot be urged on appeal to defeat liability on a judgment entered in the suit.   **Held**, further, that the trial court did not err in excluding evidence of such settlement as a defense.   Coler v. Coppin, N. D., 85 N. W. 898, distinguished.

McCoy, J., concurring in the result.

Appeal from Circuit Court, Beadle County.   Hon. JOHN F. HUGHES, Judge.

Proceeding by Security State Bank of Faulkton, South Dakota, against Cavour School District of Beadle County, South Dakota, and Cavour Independent School District of Beadle County, South Dakota, to compel Cavour School District to levy

a tax to pay a portion of a certain judgment. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant Cavour School District appeals.   Affirmed.

*Null & Royhl,* for Appellant

*Gardner & Churchill,* and *F. E. Snider,* for Respondent.

(1) To point one of the opinion, Appellant cited: Stanley County v. Jackson County (S. D.) 154 N. W. 806. Appellant submitted that: Cavour School District was a new corporation, not a continuation of the old organization. That no levy should be made against the Cavour School District in this action. That a judgment against the original corporation is not a judgment against Cavour District, except as a proper tribunal may order a levy thereunder based on the fact that the present Cavour District was a portion of the original corporation at the time the indebtedness was incurred; and cited: Livingston v. School District No. 7, 9 S. D. 102; Coler v. Dwight School Township, 55 N. W. 587; Coler v. Coppin, 75 N. W. 795, and Coler v. Coppin, 85 N. W. 988.

Respondent submitted that: Cavour School Township and Cavour School District are the same corporation; and cited: Session Laws 1883, Chap. 44, Secs. 2 and 23; Levisee Dakota Codes 1885, p. 550; Compiled Laws 1887, Sec. 1728; Session Laws 1887, Chap. 47, Sec. 42; Laws 1901, Chap. 113, Sub-chap. III, Sec. 5; Pol. Code 1903, Sec. 2326; Code Civ. Proc., Sec. 151; 10 Cyc. 156; Ency. of Pleading and Practice, Vol. 14, pp. 295 to 301; Peever Merc. Co. v. State Mutual Co., 23 S. D. 1; Wilhite v. Convent, (Ky.) 78 S. W. 138; Hoffield v. Bd. of Education (Kan.) 77 Pac. 216. That the change made in the territory or Cavour School Township did not necessitate an apportionment of the indebtedness due on its bonds; citing: Livingston v. School District No. 7, 9 S. D. 102.

(4) To point four of the opinion, Respondent cited: Howard v. City of Huron, 5 S. D. 539, 6 S. D. 180.

SMITH, J.   School township No. 9 was organized in April, 1883, covering fifty-six contiguous sections of land in Beadle county.   In May, 1884, eight sections were detached and added to Custer township.   In July, 1884, twenty-four sections on the south side of Cavour township were detached and added to Richland school township.   In July, 1887, six sections were detached

therefrom and added to Valley school township. In July, 1889, eighteen sections were detached from Shoe Creek school township adjoining on the north, and added to Cavour school township. On December 1, 1884, Cavour school township had issued certain school bonds, among which were one in the sum of $500 and one in the sum of $100, due 15 years after date, bearing 7 per cent. interest. Plaintiff became the owner of these two bonds, and on November 16, 1905, commenced an action in the circuit court thereon, naming as defendants "Cavour school township, a corporation," and "Cavour independent school district, a corporation." The action came on for trial on March 13, 1907, plaintiff appearing by its attorney and each of the defendant school districts appearing by separate counsel. The court, after hearing the evidence, made and filed its findings of fact and conclusions of law and entered judgment, jointly against both school districts as named, in the sum of $1,004.21. No appeal was taken, and the judgment remains unsatisfied and in full force and effect.

At the time these bonds were issued, the original Cavour school township, containing 56 sections, had been reduced in area by the cutting off of 32 sections, which were added to adjoining school districts, so that Cavour school district then comprised 24 of its original sections. After said bonds were issued, 6 more sections were detached and added to adjoining districts, leaving but 18 sections of the original area of Cavour school district. In 1889, 18 sections were detached from an adjoining district to the north and added to the remaining original 18 sections then constituting Cavour school district.

The record fails to disclose the date of the organization of Cavour independent school district, except it appears from the findings of fact that such a district existed at a date subsequent to the issue of the bonds, and prior to the commencement of the action against the two districts in which a joint judgment was entered March 13, 1907. It does appear from the findings that Cavour school district of Beadle county comprises the whole of township 111 north, range 60 west, except such portions as are included in Cavour independent school district, and that it was organized in part from territory originally embraced in Cavour school district. It appears therefore that a part of the present

area of Cavour school district was embraced in and was a part of Cavour school township when the bonds were issued, and when judgment was entered on the bonds. The identity of this particular area embraced within the school corporation known as Cavour school district of Beadle county, S. D., has remained, although by acts of the territorial and state Legislatures it has been variously designated. The name of such corporation was finally declared to be "Cavour school district of Beadle county," S. D., and under that name it was sued in this action. Chapter 44, Laws 1883; Comp. Laws 1887, § 1728; chapter 47 (section 42) Laws 1887; chapter 113, subd. 3 (section 5) Laws 1901; Pol. Code 1903, § 2326; Code Civ. Proc. § 152.

[1, 2] Appellant's contentions seem to be: First that the entire school corporation, Cavour school township, had ceased to exist prior to the date of the judgment on the bonds. Second, that a settlement had been made between Cavour school township, a corporation, and Cavour independent school district, a corporation, prior to the judgment on the bonds, under which the latter corporation is claimed to have assumed the outstanding bonded indebtedness; and that the trial court erred in excluding evidence of such settlement as a defense in this action, which is the result of a proceeding under section 75, c. 135, Laws 1907, to compel Cavour school district to levy a tax to pay one-half of said judgment. Section 73 of chapter 135, which required the county commissioners and county superintendent to make an apportionment of property and indebtedness whenever district boundaries were changed, was not in force at the time the boundaries of the school township were changed, nor at the date of the rendition of the judgment on the bonds, although the act was approved March 13, 1907, the same day the judgment was entered.

As to the first contention urged by appellant, it is sufficient to say that a change in the name or boundaries of a school corporation does not change its liability as plaintiff or defendant, and, in any event, it cannot be successfully contended in this case that the corporation appellant ever ceased to exist as a corporation, although its name and boundaries have been changed at various times. Peever Merc. Co. v. Fire Association, 23 S. D. 1, 119 N. W. 1008, 19 Ann. Cas. 1236; Wilhite v. Covent, 117 Ky. 251, 78 S. W. 138. Appellant's second contention cannot be

substained.   It is conceded that proper service of proceess was made upon appellant, and that both corporations appeared by counsel in the action on the bonds.  Assuming therefore, as contended by appellant, that a complete adjustment of property and indebtedness had been made between the two corporations defendant, and that Cavour school district had been legally released, by settlement, from all liability on the bonds, such fact was matter of defense which might and should have been pleaded by said district in that action.  It is clear therefore that this, as well as all other defenses affecting the liability of Cavour school district, became res judicata, and cannot now be urged in this proceeding, to defeat liability upon the judgment.   Howard v. City of Huron, 5 S. D. 539, 59 N. W. 833, 26 L. R. A. 493; Id., 6 S. D. 180, 60 N. W. 803; Coler v. Coppin, 10 N. D. 86, 85 N. W. 989.

That portion of the opinion in the Coppin case which relates to the mode of apportioning the indebtedness between two districts created from the same territory is not pertinent to the questions presented on this appeal, as appellant here seeks only to defeat all liability upon grounds which were unsuccessfully urged in the Coppin case; and, in any event, the method of apportionment in this case is not challenged by appellant, except in so far as it might have been matter of defense in the action on the bonds.

We deem it unnecessary to review other questions discussed in the briefs of counsel.

The order and judgment of the trial court are affirmed.

McCOY, J., concurs in the result.