## CHANUTE CITY *v.* TRADER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 1509. Argued November 11, 1889. — Decided November 25, 1889.

A judgment for damages and costs was recovered in a Circuit Court of the United States, on bonds and coupons issued by a municipal corporation. In answer to an alternative writ of mandamus issued three and one-half years afterwards, for the levy of a tax to satisfy the judgment, it was set up, in bar, that the original judgment was void because the Circuit Court had no jurisdiction of the subject matter of the action, on the

ground that the bonds were not payable to order or bearer. A peremptory writ was granted by a judgment, to review which a writ of error was taken. A motion to dismiss the writ was made, united with a motion to affirm: *Held,*

(1) Although there was no ground for contending that this court had no jurisdiction, yet the reasons assigned for taking the writ of error were frivolous, and it was taken for delay only;

(2) The principal of the bonds was payable to bearer;

(3) The judgment ought to be affirmed;

(4) The proceeding by mandamus being in the nature of execution, if the prosecution of writs of error to the execution of process to enforce judgments were permitted when no real ground existed therefor, such interference might become intolerable, and this court in the exercise of its inherent power and duty to administer justice, ought, independently of subdivision 5 of rule 6, to reach the mischief by affirming the action below;

(5) No different interpretation is put on that subdivision from that which has hitherto prevailed.

The plaintiff in error moved the court " to grant such order, writ or mandate as may be fit and proper to secure to plaintiff in error a stay of the peremptory writ of mandamus heretofore issued by the court below, and to secure plaintiff in error the supersedeas to which plaintiff in error is entitled under the statute."

The defendant in error moved to dismiss the writ of error under rule 6, and to affirm the judgment below. The two motions were heard together. The case is stated in the opinion.

*Mr. John W. Gleed* and *Mr. A. G. Safford* in support of the motion for a stay, and against the motion to dismiss.

*Mr. John Hutchins* and *Mr. Samuel Shellabarger* in support of the motion to dismiss, and against the motion for a stay.

Mr. Justice Blatchford delivered the opinion of the court.

Wilbur F. Trader recovered a judgment in the Circuit Court of the United States for the District of Kansas against the city of Chanute, on the 4th of December, 1885, for $7702.12, damages and costs, on certain bonds and coupons

issued July 1, 1872, by the city of Tioga. Each bond stated that the city of Tioga was "indebted to the Tioga Flouring Mill Company, in the sum of five hundred dollars, lawful money of the United States, with interest from the date hereof, at the rate of ten per cent per annum, as provided by law, and payable semi-annually, as per interest coupons hereto attached, the principal being due in ten years from date hereof and with the interest thereon payable at the office of the Farmers' Loan and Trust Company in the city of New York, to the bearer."

On the 27th of July, 1888, Trader served a notice on the city of Chanute, addressed to the mayor and councilmen of the city, requesting them to levy a tax on the taxable property within the city to pay and satisfy the judgment. It does not appear that any execution has been issued on the judgment.

On the 9th of July, 1889, Trader applied to the Circuit Court for a writ of mandamus requiring the officers of the city to levy a tax to satisfy the judgment. An alternative writ was issued on that day. In answer to the writ the city set up, by way of plea in bar, that the original judgment was void because the Circuit Court had no jurisdiction of the subject matter of the action, as appeared from the petition in it, which set forth a copy of one of the bonds sued on. The point urged was that the bond was not payable to the Tioga Flouring Mill Company or order, nor to bearer, and that only the interest was payable to the bearer.

On a hearing on the writ and return, the Circuit Court, on October 14, 1889, rendered a judgment granting a peremptory writ commanding the officers of the city to levy the tax. A bill of exceptions was allowed, and the city has brought a writ of error. The defendant in error now moves to dismiss the writ of error and unites with it a motion to affirm the judgment.

Subdivision 5 of rule 6 of this court (108 U. S. 575) was first promulgated November 4, 1878, 97 U. S. vii. It reads as follows: "There may be united, with a motion to dismiss a writ of error or an appeal, a motion to affirm on the ground

that, although the record may show that this court has jurisdiction, it is manifest the writ or appeal was taken for delay only, or that the question on which the jurisdiction depends is so frivolous as not to need further argument."

At the same term, in *Whitney* v. *Cook*, 99 U. S. 607, this court, speaking by Chief Justice Waite, said that the rule implied that there should appear on the record " at least some color of right to a dismissal." He added: " Our experience teaches that the only way to discourage frivolous appeals and writs of error is by the use of our power to award damages, and we think this a proper case in which to say that hereafter more attention will be given to that subject, and the rule enforced both according to its letter and spirit. Parties should not be subject to the delay of proceedings for review in this court without reasonable cause, and our power to make compensation to some extent for the loss occasioned by an unwarranted delay ought not to be overlooked."

The practice of not entertaining a motion to affirm unless there is some color of right to a dismissal has since been frequently sustained by this court. *Hinckley* v. *Morton*, 103 U. S. 764; *School District of Ackley* v. *Hall*, 106 U. S. 428; *Davies* v. *Corbin*, 113 U. S. 687; *Walston* v. *Nevin*, 128 U. S. 578; *New Orleans* v. *Construction Co.*, 129 U. S. 45; *The Alaska*, 130 U. S. 201.

In *Micas* v. *Williams*, 104 U. S. 556, there was a motion to affirm united with a motion to dismiss a writ of error. The affidavits in opposition to the latter motion showed jurisdiction, as to the amount involved, though on the record as it stood when the motion was made there was color of right to a dismissal. But the court affirmed the judgment on the ground that the writ was taken for delay only.

In *The S. C. Tryon*, 105 U. S. 267, there was a motion to affirm a decree united with a motion to dismiss the appeal in an admiralty suit. The ground for making the motion to dismiss was that there was no bill of exceptions but only a finding of facts and conclusions of law. The court overruled that ground, but it is difficult, from the report of the case, to see what color of right there was to a dismissal. Yet

it affirmed the decree on a consideration of the findings of fact.

In *Swope* v. *Leffingwell*, 105 U. S. 3, there was a motion to affirm united with a motion to dismiss a writ of error to a state court. The motion to dismiss was made on the ground that there was no Federal question involved. The court held that it had jurisdiction, but affirmed the judgment on the ground that the case on the merits was governed by previous decisions.

In the present case there does not appear to be any ground for contending that this court has no jurisdiction; yet we are entirely satisfied that the reasons assigned for taking the writ of error are frivolous, and that it was taken for delay only. The principal of the bonds is payable to bearer as well as the interest. The principal is stated to be due in ten years, and, with the interest, to be payable to the bearer. This is too plain for discussion, and disposes of the point that the original payee in the bonds was a citizen of Kansas, and thus of the same State with the debtor, and could not have sued on the bonds in the Circuit Court, and so the plaintiff could not.

But without putting a different interpretation on subdivision 5 of rule 6 from that which has hitherto prevailed, we are of opinion that the judgment in the present case must be affirmed. A proceeding by mandamus to compel the levy of a tax to pay a judgment is in the nature of execution. The rights of the parties to the judgment, in respect of its subject matter, were fixed by its being rendered. If the prosecution of writs of error to the execution of process to enforce judgments is permitted when no real ground exists therefor, such interference might become intolerable. This court, in the exercise of its inherent power and duty to administer justice, ought, independently of subdivision 5 of rule 6, to reach the mischief by affirming the action below. This is a proper case for doing so.

*Judgment affirmed.*