MAYOR, ETC., OF THE CITY OF HELENA et al. v. UNITED STATES
ex rel. HELENA WATERWORKS CO.

(Circuit Court of Appeals, Ninth Circuit.   September 4, 1900.)

No. 586.

1. PROCEEDINGS IN ERROR—REVIEW—QUESTIONS NOT RAISED BELOW.

Where a petition for a writ of mandamus to compel a municipal corporation to pay a judgment against it alleged that petitioner was the owner of the judgment, and neither the sufficiency nor truth of such allegation was challenged in the trial court, the question of petitioner's title cannot be raised in the appellate court on a writ of error.

2. MUNICIPAL CORPORATIONS—MANDAMUS TO COMPEL PAYMENT OF JUDGMENT —DEMAND.

Under Pol. Code Mont. § 5037, providing that on the certificate of a justice of the peace or clerk of a court in which a judgment against a city or town has been rendered, showing the amount and date of such judgment, the council of such city or town shall take steps for its payment, the filing of such a certificate is sufficient demand of payment to support proceedings in mandamus to compel a compliance with the statute.

3. JUDGMENT—CONCLUSIVENESS—COLLATERAL IMPEACHMENT.

A judgment against a city, rendered by a federal court having jurisdiction, where such judgment is not void on its face, cannot be impeached collaterally in proceedings for a writ of mandamus to enforce its payment, which in the federal courts is in the nature of an execution, on the ground that it was entered by consent of the officers of the city which had a valid defense.

4. MUNICIPAL CORPORATIONS—ESTOPPEL BY LACHES.

A city whose officers consent to the rendition of a judgment against it in consideration of the settlement of the amount of its indebtedness, and which levies a tax for the payment of such judgment, and otherwise treats it as valid, is estopped by laches from setting up as an objection to the issuance of an execution or writ of mandamus for the enforcement of the judgment a matter which might have been pleaded in defense to the action.

5. SAME—LIMIT OF TAXATION—LEVY TO PAY JUDGMENT.

Pol. Code Mont. § 4814, limits the amount of taxes which a city or town may levy "for general municipal or administrative purposes," but section 4815 provides that special taxes may also be assessed and levied as provided in that title, and such title contains section 5037, which requires cities or towns to levy and collect a tax sufficient to pay within three years any judgment rendered against the municipality and properly certified, where there is not sufficient money in the general fund, exclusive of the appropriations, for the current fiscal year. Held, that the limitation in section 4814 did not apply to a tax levied for payment of a judgment, which constituted a special tax, within the meaning of section 4815.

6. SAME—MANDAMUS.

A city which has levied and collected a special tax for the payment of a judgment, as authorized by statute, cannot defend against a writ of mandamus to compel it to apply the fund so collected upon the judgment.

In Error to the Circuit Court of the United States for the District of Montana.

This cause comes to this court upon the alleged error of the circuit court of the United States for the district of Montana in awarding a peremptory writ of mandate to compel the payment of a judgment recovered in said circuit court by James H. Mills, receiver, against the city of Helena, on the 1st day of December, 1897, for the sum of $31,319. It appears from the petition of the defendant in error for a writ of mandamus that the defendant in error

104 F.—8

is a corporation organized and existing under the laws of the state of New Jersey, and that the city of Helena has a corporate existence under and by virtue of the laws of the state of Montana; that on the 1st day of December, 1897, a judgment was entered in the circuit court in favor of James H. Mills, receiver, against the said city of Helena, for the sum of $31,319 and interest, and that said judgment is still in force unsatisfied; that there was filed with the city clerk of said city, on the 13th day of May, 1898, a certificate of the clerk of said court, showing the amount and date of entry of said judgment. It is averred that the city council, in 1898, levied a tax of one mill on the dollar for the express purpose of paying and satisfying in part said judgment, and that there was collected, and is now in the treasury of said city, as the proceeds of such levy, the sum of $10,005.83, placed to the credit of the "Judgment Fund"; that the city has failed, neglected, and refused to appropriate and issue a warrant for or to pay the said sum, or any part thereof, upon said judgment. It is also alleged that on or about July 1, 1899, there was sufficient money to the credit of the general fund in the treasury of said city, exclusive of all appropriations of said city for the current fiscal year, to pay and satisfy said judgment, but the city council has refused to direct, by ordinance or otherwise, that the said judgment, or any part thereof, be paid out of the general fund, or that a warrant issue therefor; and it is alleged that the plaintiffs in error have misappropriated, misapplied, and expended said surplus in violation of their duty and the rights of defendant in error. It is also averred that the defendant in error is beneficially interested in the subject-matter of this proceeding, and in the relief demanded, as a large taxpayer on property within the city of Helena, and as owner and holder of said judgment. The prayer is for a writ of mandate directing the payment of the sum collected by said special tax levy; for a warrant on said general fund for the remainder of said judgment; and, if a portion of the judgment is still unsatisfied, that the city council shall be compelled to levy and collect within three years a tax on all property within the city for its payment. An alternative writ was issued containing the averments of the petition. The return and answer by the plaintiffs in error set up as matter of defense that the special tax levied and collected was wholly void and illegal, and that the whole of said amount and fund is, by reason thereof, due from the city to its taxpayers. The rendition of the judgment in favor of said Mills, receiver, is admitted, but it is averred that there was in fact no indebtedness due from the city to said Mills at that time; that said judgment was rendered on account of water alleged to have been furnished by the said Mills, receiver, and his predecessor in interest, the Helena Consolidated Water Company, and that at all times when the said water was furnished to the city the said city of Helena was, and ever since has been, indebted beyond the constitutional limit, to wit, 3 per cent. of the taxable property therein; that during none of such time has the city's assessed valuation exceeded $12,656,783, nor the aggregate indebtedness been less than $559,704. It is further averred that at the time the said judgment was entered the then city council and mayor well knew that the city was so illegally indebted, and that no valid judgment could be obtained against the city, but, for the purpose of evading and avoiding the effect of the constitutional limitation of indebtedness, they entered into an agreement with the said Mills, whereby they agreed not to interpose that or any other defense to such action, and to consent to the entry of a judgment, and in that behalf passed and approved a certain ordinance, pursuant to which the judgment was taken. That part of the ordinance providing for the judgment is as follows: "Ordinance No. 367. Sec. 12. The said city shall and does hereby consent that said receiver may take judgment in a proper court of record within the state of Montana, either state or federal, for all moneys due for water heretofore furnished said city of Helena for fire, sewerage and other municipal purposes, whether the same has been furnished by said receiver or by the Helena Consolidated Water Company. Such judgment shall be at the rate of eighteen thousand dollars per year, with interest at warrant rates from dates when warrants should have been issued and delivered. There shall be deducted from the sum thus found due any and all amounts heretofore paid to the Helena Consolidated Water Company by the city on account; and also the city taxes levied and assessed against said Helena Consolidated Water

Company for the years 1895 and 1896, without interest or penalty, and such deductions shall be made as of the dates when said amounts were paid to said Helena Consolidated Water Company, and when said taxes were due and payable. In the action heretofore commenced by the Helena Consolidated Water Company against said city in the district court of Lewis and Clarke county the judgment entered therein shall be set aside by stipulation of the attorneys for the respective parties, and said cause dismissed contemporaneously with the entry of judgment in favor of the receiver hereinabove provided for. And the adjustment and settlement for amounts due for water heretofore furnished as herein provided is a part consideration for the contract contained herein." The defendant in error demurred to the answer and return, upon the ground that it did not state facts sufficient to constitute a defense. The demurrer was sustained, and the plaintiffs in error were granted further time in which to answer. Upon their failing and refusing to present or file an amended answer or return at the expiration of such time, judgment was rendered directing the issuance of a peremptory writ of mandate, which was accordingly issued.

T. J. Walsh, for plaintiffs in error.

Edward Horsky, City Atty., and Clayberg & Gunn, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). It is objected that neither the petition nor the alternative writ show title in the relator. The petition alleges the recovery of the judgment in the United States circuit court for the district of Montana in favor of James H. Mills, receiver, but it is not alleged that the judgment has been assigned or transferred to the relator. It is alleged, however, that the petitioner is beneficially interested in the subject-matter of this proceeding and in the relief demanded as a taxpayer on property situate within the city of Helena, and as an owner and holder of said judgment. This allegation appears also in the alternative writ of mandate. No objection to the sufficiency of the petition was taken by demurrer or otherwise in the court below, and the answer of the defendants did not deny the allegation of the petition that the relator was the owner and holder of the judgment. The objection that the relator does not show title by assignment, not having been made in the court below, cannot be taken here. To hold otherwise would involve the exercise of original instead of appellate jurisdiction. This is not permitted to us. Board of Sup'rs of Wood Co. v. Lackawanna Iron & Coal Co., 93 U. S. 619, 624, 23 L. Ed. 989; Railway Co. v. Henson, 7 C. C. A. 349, 58 Fed. 531, 532; Fred J. Kiesel & Co. v. Sun Ins. Office, 31 C. C. A. 515, 88 Fed. 243, 247; Board v. Sutliff, 38 C. C. A. 167, 97 Fed. 270, 275. Had the objection been taken by demurrer, the petition could have been amended in the lower court, and the assignment alleged. The omission must now be considered as having been waived. O'Reilly v. Campbell, 116 U. S. 418, 6 Sup. Ct. 421, 29 L. Ed. 669.

The objection that there is no averment in the petition that any demand was ever made upon the city or any of its duly-authorized officers to pay the judgment or to levy a tax for that purpose is met by the allegation that there was filed with the city clerk of said city on the 13th day of May, 1898, a certificate of the clerk of said court showing the amount and date and entry of said judgment. This proceed-

ing was in compliance with the requirement of section 5037 of the Political Code of Montana, which reads:

"Sec. 5037. On the certificate of a justice of the peace or the clerk of the court in which any judgment is rendered, showing the amount of the judgment and the date of its entry, the council must by ordinance direct that the amount of such judgment be paid out of the general fund, and that a warrant issue therefor on the general fund if there is sufficient money therein, exclusive of the appropriations for the current fiscal year, to pay the same, and the council must at the proper times levy and cause to be collected a tax on all the property of the city or town for the payment of such judgment within a period of three years from its presentation, if there is not sufficient money as aforesaid in the general fund to pay the same."

The filing of the certificate of the clerk of the court, showing the amount and date of the judgment, as required by this statute, is clearly a sufficient demand.

It is next contended that the answer to the petition contained a valid defense to the application for the writ. It is admitted by counsel for the plaintiff that it is the established law that the defense which might have been interposed to the original action, that the city was indebted beyond the constitutional limit when the indebtedness arose, cannot now be sustained against the writ. Cromwell v. Sac Co., 94 U. S. 351, 352, 24 L. Ed. 195; Harshman v. Knox Co., 122 U. S. 306, 316, 7 Sup. Ct. 1171, 30 L. Ed. 1152; Board v. Platt, 25 C. C. A. 87, 79 Fed. 567, 572; Ætna Life Ins. Co. v. Lyon Co. (C. C.) 44 Fed. 329, 344; Howard v. City of Huron (S. D.) 59 N. W. 833, 834.

But it is contended that the defense may be made when, in addition to such an allegation, it is further alleged that, for the purpose of evading the provisions of the constitution, the mayor and city council, knowing that the city was indebted beyond the constitutional limit, and that no recovery could be had against it, entered into an agreement with the receiver of the water company whereby they bound themselves not to interpose that or any other defense to the action, consented to an entry of judgment, and passed and approved the ordinance pursuant to which the judgment was taken. The ordinance provided that the judgment was to be taken by consent. The setting aside and dismissal of a prior judgment, and the adjustment and settlement for amounts due for water previously furnished the city, were the considerations for the agreement of consent. The court had jurisdiction to hear and determine the question whether the mayor and city council had authority to pass this ordinance and enter into the agreement therein contained. This was part of the original case, and entered into the judgment; and, the court having determined that question in favor of the plaintiffs, the judgment, whether right or wrong, is not open to impeachment by collateral attack. This would be the rule, even though the allegation of the answer amounted to a charge that the judgment was obtained through fraud or collusion. In 2 Freem. Judgm. par. 334, the rule in relation to the impeachment of judgments not void for want of jurisdiction is stated as follows:

"The parties to an action cannot impeach or set at naught the judgment in any collateral proceeding on the ground that it was obtained through fraud or collusion. It is their business to see that it is not so obtained. If, with-

out any fault or neglect of one party, his adversary succeeds, by fraud, in obtaining an inequitable and unauthorized judgment, he must take some proceeding prescribed by law to annul the judgment, and cannot, in the absence of such annulment, treat it as invalid."

Again:

"A party to a judgment, feeling himself aggrieved thereby, may, in a proper case, either move that it be vacated, or prosecute an appeal or writ of error, or maintain a suit in equity to enjoin its enforcement.   These, unless the judgment is void on its face, are the only remedies open to him; and if he resorts to neither, or, resorting to any or all, he is denied relief, he cannot avoid the judgment, when offered in evidence against him, by proving that it ought not to have been pronounced, and was procured by fraud, mistake, perjury, or collusion, or through some agreement entered into by the prevailing party, and which he neglected or refused to perform."

The same rule is applicable to proceedings by mandamus to enforce a judgment against a municipal corporation, where, as in this case, the writ is in the nature of an execution.   Under section 716 of the Revised Statutes of the United States, the writ of mandamus can only be issued by a circuit court of the United States where it is necessary to the exercise of the jurisdiction agreeably to the usages and principles of law.   Where such an exigency arises the court may issue it, but when so employed it is neither a prerogative writ nor a new suit. On the contrary, it is a proceeding ancillary to the judgment, and when issued becomes a substitute for the ordinary process of execution to enforce the payment of the same.   Riggs v. Johnson Co., 6 Wall. 166, 198, 18 L. Ed. 768;  State v. City of Great Falls, 19 Mont. 518, 49 Pac. 15, 22.

As said by the supreme court of the United States in Harshman v. Knox Co., 122 U. S. 306, 319, 7 Sup. Ct. 1176, 30 L. Ed. 1152:

"As an execution follows the nature of the judgment, and its precept is to carry into effect the rights of the plaintiff as declared by the judgment, with the mode and measure of redress which in such cases the law gives, so the mandamus in a case like the present can be limited in its mandate only by that which the judgment itself declares."

In Chanute City v. Trader, 132 U. S. 210, 214, 10 Sup. Ct. 68, 33 L. Ed. 345, the court stated the rule in briefer, but equally decisive, terms, as follows:

"A proceeding by mandamus to compel the levy of a tax to pay a judgment is in the nature of execution.   The rights of the parties to the judgment, in respect of its subject-matter, were fixed by its being rendered."

The writ of mandamus was therefore a writ of right in the circuit court in this case, and not a writ to be withheld in the discretion of the court, upon any alleged equitable grounds arising out of the illegality of the original contract.   But, if such a claim could be admitted as an objection to the granting of the writ of mandamus to enforce the judgment in this case, it would be sufficiently met by the evidence of laches of the plaintiffs in error in dealing with the judgment. They treated the judgment as valid from December 1, 1897, the date of its entry, to July 28, 1899, when the petition for a writ of mandamus was filed in the circuit court.   During this time a special tax was levied and collected by the city for the purpose of paying the first annual installment upon the judgment, and during this time it also

permitted the statutory period to expire for writ of error to this court correcting any error that may have occurred in the proceedings resulting in the judgment. A municipal corporation has no right, any more than any other defendant, to treat a judgment as final and conclusive by an agreement of consent to its entry in the trial court, and by withholding a defense from the appellate tribunal by omitting to prosecute an appeal or writ of error, and then assert this defense as a sufficient objection to a writ of execution or mandamus issued to enforce the judgment.

It is next contended that this proceeding cannot be sustained because it does not appear from the petition that the city has failed to levy taxes for general purposes to the limit prescribed by law. Section 4814 of the Political Code of Montana provides as follows:

"The amount of taxes to be assessed and levied for general municipal or administrative purposes must not exceed one per centum on the assessed value of the taxable property of the city or town, and the council may distribute the money collected into such funds as are prescribed by ordinance."

It will be observed that this section provides taxation for general or administrative purposes, but this is not the limit of the municipal authority in levying taxes for other and special purposes. Section 4815 of the same Code provides as follows:

"The council may also assess and levy the special taxes or assessments provided for in this title."

The title of the Political Code in which these two sections are found is title 3, relating to cities and towns. Section 5037 of the same title provides that when a judgment has been rendered against the city, and a certificate of the proper officer has been produced showing the amount of the judgment and the date of its entry, the council must by ordinance direct that the amount of the judgment be paid out of the general fund, if there is sufficient money in that fund, exclusive of the appropriations for the current fiscal year to pay the same; but, if there is not sufficient money in the general fund for this purpose, then the council must at the proper times levy and cause to be collected a tax on all the property of the city for the payment of such judgment within a period of three years from the date of its presentation. The levy provided in the last paragraph of this section is clearly in the nature of a special tax or assessment, as provided in section 4815, and the limit imposed upon the municipal authority with respect thereto is not in the rate of such a tax, as provided in section 4814, but that the levy shall be sufficient to pay the judgment within a period of three years.

The petition for mandamus alleges, and the answer admits, that in the year 1898 the city council did levy a tax for the express purpose of paying and satisfying this judgment, and as the proceeds of such levy the sum of $10,005.83 is in the city treasury to the credit of the judgment fund. This levy of an assessment, and the amount derived therefrom, indicates the original purpose of the city to pay this judgment within a period of three years, as provided in section 5037 of the Political Code. The purpose of the city to comply with this statute does not appear to have been resisted by any taxpayer, or in any way

directly contested by the municipal corporation, during the proceedings; and, as no decision of the supreme court of Montana has been called to our attention giving the statute a different construction, we are of the opinion that not only were the assessment and levy of the special tax legal, but that the city is not in a position to resist the writ of mandamus in the payment upon the judgment of the amount collected, and now in the city treasury to the credit of the judgment fund. We are also of the opinion that the writ of mandamus properly provides for the payment of the balance of the judgment in the manner provided by the Code of the state. The judgment of the circuit court is affirmed.