## DICKINSON v. TOWN OF PETERSBURG.

(First Division. Ketchikan. February 19, 1922.)

No. 519–KA.

1. **Municipal Corporations** ☞863—Constitutional Law—Debts—Powers.

    Under the Organic Act of Alaska (section 416, Comp. Laws Alaska 1913), a municipal corporation has no power to create or assume indebtedness except for the actual running expenses thereof, and no such indebtedness for actual running expenses shall be created or assumed in excess of the actual income of the municipality for that year, including as a part of such income appropriations then made by Congress, and taxes levied and payable and applicable to the payment of such indebtedness and cash and other money credits on hand and applicable and not already pledged for prior indebtedness: Provided, that all authorized indebtedness shall be paid in the order of its creation.

2. **Judgment** ☞518—Collateral Attack—Pleadings.

    On June 8, 1921, plaintiff secured a judgment in the district court for the sum of $1,857.50 against the town of Petersburg, Alaska, for services rendered to the town in public quarantine. Plaintiff presented a certified transcript of the judgment to the proper town officers, and demanded that

they draw an order for payment to him of the amount of his judgment in accordance with the provisions of section 1168, Comp. Laws Alaska 1913, which being refused, plaintiff filed a petition in the district court, praying for a writ of mandamus to compel the town officers to act in accordance with the section 1168. The town answered, and admitted the allegations of the petition, but set up a defense in effect that the debt upon which the judgment was given was incurred in the year 1919-20, and the current liabilities for that year were greater than its revenues, and this though the rate of tax levy equaled that fixed by statutory limitation, and that the town had no power to create an indebtedness beyond its current revenues, and that it had no funds on hand at the time of the demand for payment of the judgment which were applicable. *Held*, the return to the petition is a collateral attack on the judgment and cannot be maintained; the defense set up in the return should have been pleaded and litigated in the original action, and cannot be raised in a proceeding to enforce the judgment; the latter is conclusive thereto, and its verity as a valid claim against the town cannot be impeached collaterally.

3. **Mandamus** ⊚⇒111—**Municipal Corporations** ⊚⇒1038—**Judgment.**

Where judgment has been rendered on a claim against a municipal corporation, the judgment is conclusive as to the validity of the claim, and under the statute (section 1168), when a certified copy of the judgment with acknowledgment, is presented to the proper officer, he has no discretion but to perform the ministerial act of drawing the order or warrant on the treasurer. The adjustment or allowance of the claim through the court is conclusive upon him, and mandamus will lie to require him to perform this duty in this respect.

4. **Municipal Corporations** ⊚⇒893—**Limit of Indebtedness—Payment—Judgments.**

On June 8, 1921, a judgment was rendered against the town of Petersburg, Alaska. On petition for mandamus to require the town officers to issue a warrant for the payment, it was objected that for that year the town had exceeded its limit of indebtedness. *Held*, the judgment of June 8, 1921, was in the nature of an involuntary judgment, which became fixed and liquidated on that date. If on that date the obligations of the town, including the amount of the judgment, were not in excess of said limitation, it was a valid claim against the town, and it became the duty of the town officers to provide for its payment out of the current revenues of the town, to the exclusion of subsequently accruing claims, for any indebtedness which is authorized must, under the statute, be paid in the order of its creation. Should the town authorities have contracted indebtedness since the judgment, which, with

⊚⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the judgment, would exceed the debt limitation, and the debt limitation was not exceeded by the judgment itself, the debts subsequently incurred would be invalid, and not the judgment.

The petitioner, Dr. George E. Dickinson, on June 8, 1921, obtained judgment before this court against the town of Petersburg, a municipal corporation, for services rendered the said corporation by him, in the sum of $1,857.50 and costs. On January 17, 1922, he filed a petition for an alternative writ of mandamus, requiring Frederick Nelson, clerk of the town of Petersburg, to show cause why an order on the treasurer of the town in favor of the petitioner, for the amount of the judgment, should not be drawn in accordance with section 1168, Compiled Laws of Alaska 1913.

James M. Shoup, of Ketchikan, for petitioner.
W. A. Holzheimer, of Ketchikan, for defendant.

REED, District Judge. Section 1168, referred to, provides that, if a judgment be given for the recovery of money against a public corporation, no execution shall issue thereon for the collection of such money, but such judgment in such respect, shall be satisfied as follows: The party may present a certified transcript of the record thereof to the officer of such public corporation who is authorized to draw orders on the treasurer thereof; and on presentation of such transcript, such officer shall draw an order on such treasurer for the amount of the judgment, in favor of the party for whom the same was given. Thereafter such order shall be presented for payment and paid with like effect and in like manner as other orders, by the treasurer of such corporation. The certified transcript herein provided for shall not be furnished by the clerk until satisfaction of the judgment is acknowledged as in ordinary cases, and the clerk shall include in the transcript a memorandum of such acknowledgment of satisfaction.

The petition for the writ sets forth the judgment, and that a transcript, with acknowledgment of satisfaction, as required by the statute, has been presented to the clerk of the town, and that the clerk refused to issue a warrant for the payment of the judgment, and prayed for the issuance of an alternative writ. The alternative writ was issued, returnable on Feb-

ruary 6, 1921, and on that day the town of Petersburg appeared, by the mayor, and admitted the allegations of the petition, but set up a defense in effect that it had no power or authority to cause to be issued a warrant on the treasurer, for the reason that the debt upon which the judgment was given, was incurred in the year 1919–20, and the current liabilities for that year were greater than its revenues, and that the current liabilities for each succeeding year have been greater than its revenue, and this, though the rate of tax levy equaled that fixed by statutory limitation, and that the town had no power to create an indebtedness beyond its current revenue, and that it had no funds on hand at the time of the demand for payment of the judgment, which were applicable thereto.

The matter was argued by counsel, and many authorities cited by counsel for defendant in support of his position that the judgment could not be paid, because the city would, in making such payment, exceed its limit of indebtedness under the Organic Act. The Organic Act provides that a municipal corporation cannot create or assume indebtedness, except for the actual running expenses thereof, and no such indebtedness for the actual running expenses shall be created or assumed in excess of the actual income of the municipality for that year, including, as a part of such income appropriations made by Congress, taxes levied and payable and applicable to the payment of such indebtedness, and cash and other money credits retained and applicable and not already pledged to prior indebtedness. Section 416, Comp. Laws Alaska 1913.

A consideration of the return shows that it is a collateral attack on the judgment itself. If so, it cannot be maintained. The matters and things set forth in the return should have been litigated in the original action, and cannot be raised in a proceeding to enforce the judgment. The judgment is conclusive as to all the facts therein stated, and its verity as a valid claim against the town cannot be impeached collaterally. See Dillon on Corporations, § 208.

The only question before the court in this proceeding is whether the relator is entitled to pursue the remedy provided by the statute to enforce the judgment; in other words, whether it is the duty of the proper officer of the town to issue a warrant payable to the relator upon the facts stated in the petition. The facts stated in the petition show that the relator

is within his rights and the law, as set forth in the statute, and it is the manifest duty of the clerk of the town to issue the warrant or order prayed for. Where judgment has been rendered on a claim against a public corporation, the judgment is conclusive as to the validity of the claim, and, under the statute (section 1168), when a certified copy of the judgment, with acknowledgment, is presented to the proper officer, he has no discretion but to perform the purely ministerial act of drawing the order or warrant on the treasurer. The adjustment or allowance of the claim through the court is conclusive upon him, and mandamus will lie to require him to perform this duty in this respect.

But counsel for the defendant insists that to issue the writ, directing the clerk to draw the warrant, would be a vain thing, for the reason that the town has reached its constitutional indebtedness, and therefore the warrant could not be paid, and the court should not issue an order or command on the clerk that could not be complied with. To this it may be answered that the petition is for the issuance of an order or warrant on the treasurer, and while the order or warrant is not higher evidence of indebtedness than a judgment, it is a preliminary step required by the statute toward the collection of the judgment and within the right of the relator to demand. The statute further provides that such warrant or order shall be paid, with like effect and in like manner as other orders upon the treasurer. Of course, if the order issued by the clerk is for an indebtedness which is invalid, because of being in excess of the debt limitation of the town, that question can be raised by the treasurer or any interested taxpayer when the time of payment comes. This also can be done with reference to any other warrants that may be issued.

While it is not necessary to a decision in this case, it might be well to consider the question of when a debt is beyond the constitutional limitation of a town under our law. Undoubtedly a town has, under the law, to enable it to carry on its actual running expenses, the authority to anticipate its revenues, from whatever source to be derived, for each year. In other words, its authority is limited only by its anticipated revenues for the current year, including moneys on hand and credits. Anticipated revenues are legitimately based upon the taxes derived from the assessment of real and personal prop-

erty, license taxes, and other money credits, such as fines, etc., that may presumably be paid into the treasury of the town.

The Organic Act provides that all authorized indebtedness shall be paid in the order of its creation. What, then, becomes an important question in this case, is: Was the town up to the constitutional limit at the date of the creation of the indebtedness? The rights of a party to judgment, in respect to its subject-matter, are fixed when it is rendered, and, on mandamus to enforce it, defenses cannot be set up which relate to the validity of the obligation on which the judgment has been obtained. See Chanute v. Trader, 132 U. S. 210, 10 Sup. Ct. 67, 33 L. Ed. 345; Santa Fé Co. v. New Mexico, 215 U. S. 296, 30 Sup. Ct. 111, 54 L. Ed. 202.

The records and return of the defendant to the alternative writ disclose that in the month of October, 1919, the relator performed services for the defendant corporation as a physician and in establishing a quarantine against smallpox, etc. Liability for such services was denied by the corporate authorities, and on June 8, 1921, in an action in the nature of a quantum meruit, tried before this court, a judgment was obtained in favor of the relator against the defendant corporation. The liability of the defendant became fixed on the date of the judgment. Before that the claim, although the service was performed in 1919, was unliquidated; the amount had not been determined, and its validity was in dispute. The judgment of June 8, 1921, was in the nature of an involuntary judgment, which became fixed and liquidated on that date. If on that date the obligations of the town, including the amount of the judgment, were not in excess of said limitation, it was a valid claim against the town, and it became the duty of the officers of the town to provide for its payment out of the current revenues of the town, to the exclusion of subsequently accruing claims, for any indebtedness which is authorized must, under the statute, be paid in the order of its creation. The judgment in this case is conclusive as to its authorization, its validity, and the date of its creation, and debts subsequently accruing, or contracted for, should not be paid before it, unless arrangements for its payment have been made. Should the town authorities have contracted indebtedness since the judgment, which, with the judgment, would exceed the

debt limitation, and the limitation was not exceeded by the judgment itself, the debts subsequently incurred would be invalid, and not the judgment.

The return to the alternative writ does not show that, at the time the services were performed by relator in 1919, the town was over its debt limit, but states that for the year 1919–20 the current liabilities of the town were greater than the revenues and so for each year subsequent thereto. If the return had shown that at the date of the judgment or perhaps the rendition of the services the debts of the town had more than reached its constitutional limitation, it would have raised a different question from that now presented.

The California cases cited by counsel for defendant are in point to a certain extent only. There is no provision in the California Constitution that debts shall be paid in the order in which they are incurred. Consequently a person to whom the town is indebted, when the anticipated revenues are amply sufficient to satisfy his claim, has in that state no priority of rights over other persons whose claims, accruing later in the year, are payable from the revenues of that year. Our Organic Act provides, however, that all authorized indebtedness shall be paid in the order of its creation. The effect of the California decision, under their Constitution, is that, if an indebtedness is incurred which is not at the time invalid by reason of being in excess of the anticipated revenues, and if these revenues are afterwards exhausted by payment of other subsequent claims, the first claim is lost by reason of the limitation. It treats every contract as valid and gives redress only to such creditors who, by their diligence or connivance of the authorities, first collect their claims. It is not our law. With us, when once a valid indebtedness is created, then it is an obligation which must be taken into consideration as a valid, existing claim against the corporation and be paid in the order of its creation.

But counsel for defendant urges that the corporation has exhausted the funds on hand and has no funds to apply to the payment of the judgment. There is a remedy for this, but at present it is not necessary to go into that question, as it would involve an extended discussion of a question that is not regularly before the court. The limitation of the indebtedness in any given year to the amount of the revenue and

income of a municipality provided for such year, has given rise to divers opinions of the courts. The California decisions relied upon by counsel for defendant are based largely upon the constitutional provision of that state and have been severely criticised. Dillon on Municipal Corporations (5th Ed.) par. 210, p. 414, speaking of the doctrine announced in Weaver v. San Francisco, 111 Cal. 319, 43 Pac. 972, cited by counsel for defendant, says:

"The later contract can be, and presumably is, enforced first, and the early contract is left without redress. It would seem that this construction does not fairly represent the meaning of the constitutional provision. It has been severely criticized in the same court, and the criticism seems to be well founded"—citing Higgins v. San Diego, 118 Cal. 524, 45 Pac. 824, 50 Pac. 670.

The question to be determined, when one contracts with a town under our statute, is whether the debt created thereby is, after allowing for all obligations previously incurred, within the reasonably anticipated income and revenues. If it be within the income and revenues, it would be valid, although other contracts, subsequently made, create an indebtedness in excess of the revenue, and these revenues be applied to payment of the later invalid indebtedness. Such payments, in contemplation of law, are made upon void debts, and cannot be used to defeat liabilities and obligations which are within the income when those obligations were entered into. It is clear, too, that the revenue and income of each year can be used for no other purpose than legitimate claims for that year, until they, one and all, have been paid, and any excess of revenue may be carried over unto the next year, but until all the valid demands against the revenue of the year in which they are incurred have been paid, the integrity of the fund cannot be impaired.

To recapitulate: The writ should be made peremptory, because under the statute it is made a ministerial duty of the clerk and mayor to issue an order on the treasurer for the amount of the judgment, interest, and costs in the original action against the town, and for the further reason that, even if permissible to so contend, the return to the alternative writ does not show that either the debt at the time of its creation, or the judgment at the time of rendition, was invalid, as having been beyond the constitutional limitation.

It is therefore ordered that a peremptory writ issue to the town clerk and mayor, commanding them to forthwith issue an order or warrant on the treasurer of the town of Petersburg, in favor of the relator, for the amount of the judgment, interest, and costs, and that the relator have judgment for costs in this proceeding.

⬅⟶See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes