233 P.2d 420

A. & H. FOOD MARKET, Inc. et al. v.
RIGGS et al.
No. 7746.

Supreme Court of Idaho.
June 27, 1951.

 

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., for appellant.

Wm. D. McFarland, Coeur d'Alene, for Kootenai County.

Elder, Elder & Smith, Coeur d'Alene, for petitioners.

GIVENS, Chief Justice.

The record on appeal herein contains a petition for a writ of mandate filed by various merchants in Kootenai County against the Auditor of said County, alleging in substance:

That May 16, 1950, petitioners obtained a judgment in the District Court in Kootenai County against the County for a refund to petitioners of a tax theretofore illegally assessed and levied against them, "which judgment is made a part hereof by reference," but said judgment is not in the record; that it is the duty of Foster, now succeeded by James D. Riggs as County Auditor, to pay the judgment; that petitioners presented a certified copy of the judgment to the County Commissioners June 23, 1950, who, June 26, same year, entered a resolution directing the said Foster, as Auditor, to pay the judgment; that notwithstanding said judgment and said Order, Foster refused and still refuses to pay said judgment; and asking the Court to issue an alternative writ of mandate compelling Foster to pay the judgment or show cause.

A copy of the Resolution of the Board of County Commissioners ordering payment of the judgment above referred to; the alternative writ of mandate ordering Foster to pay or show cause on July 24 why he should not; petition by appellant herein, the State Tax Commission of the State of Idaho, to be allowed to intervene, reciting the application for the alternative

writ, obtention of the judgment above referred to by the merchant-petitioners; that no traverse thereto has been filed by Foster, failure of the application for alternative writ to show the tax was an ad valorem tax, asserting the general over-all supervisory powers of the State Tax Commission, attaching a copy of appellant's complaint in intervention and asking leave to intervene and have the proposed complaint in intervention filed; a copy of the complaint in intervention alleging the general supervisory powers of the State Tax Commission, that the merchandise of petitioner merchants was assessed in the aggregate sum of $630,086 for the year 1949, and the abstract so showing transmitted by the County Auditor to the Tax Commission; considered by the Commission and equalized by it without change; that May 15, 1950, the County Commissioners of Kootenai County, by agreement with the petitioner-merchants, agreed to reduce the aggregate tax above delineated by one-third; that such agreement was illegal and void as infringing upon and usurping the constitutional and statutory powers and duties of the Tax Commission, that the County Commissioners were thereby attempting to act as a County Board of Equalization, that the Tax Commission had not ordered the said Board of County Commissioners to reconvene as a Board of Equalization for any purpose during 1949, that the Board of County Commissioners was without authority to change the assessment for 1949, that the agreement was unlawful and void

and asked the Court to set aside and quash its alternative writ of mandate heretofore issued, and dismiss the petition heretofore filed.

The record further contains the Order of the District Court permitting the Tax Commission to intervene and file its complaint in intervention; motion by petitioner-merchants to strike the complaint in intervention on the ground the order granting leave to intervene was made without notice to the petitioners; that the complaint in intervention fails to state a cause of action against petitioners and that the Tax Commission does not have sufficient interest in the subject matter to entitle it to intervene, said motion being based on the record, pleadings, papers, and files in this action; and the order of the District Court December 6, 1950, striking the complaint in intervention. .

By the supplemental praecipe, the notice of appeal from said order striking the complaint in intervention is inserted in the record. The original praecipe called only for the petition for writ of mandate, petition for leave to intervene, order granting leave to file complaint in intervention, complaint in intervention, motion to strike, and order granting motion to strike complaint in intervention, and praecipe.

The Clerk's certificate to the transcript merely certifies that the copies enclosed are full, true and correct copies of the papers and documents set forth. There is no certificate as required by or in compliance with

Sections 13–213 and 13–216, I.C., and Rule 41 of this Court, showing what was before the trial court when he struck the complaint in intervention. The appeal is only from that order.

Respondents-merchants contend appellant's complaint in intervention is insufficient as it seeks to intervene in a mandate action to enforce a previously obtained, valid, final judgment, unappealed from, asserting and relying upon the proposition that until such underlying judgment is set aside, it stands as complete support for the mandamus action, citing Mayor & Aldermen of the City of Davenport v. United States (Lord), 9 Wall. 409, 19 L.Ed. 704; United States v. City of New Orleans, 98 U.S. 381, 25 L.Ed. 225; Ralls County Court v. United States, 105 U.S. 733, 26 L.Ed. 1220; State of La. ex rel. Nelson v. Police Jury of St. Martin's Parish, 111 U.S. 716, 4 S.Ct. 648, 28 L.Ed. 574; City of Chanute v. Trader, 132 U.S. 210, 10 S.Ct. 67, 33 L.Ed. 345; Santa Fe County Com'rs v. Territory of New Mexico ex rel. Coler, 215 U.S. 296, 30 S.Ct. 111, 54 L.Ed. 202.

The complaint in intervention does not refer to said judgment, merely to an agreement of the Board of County Commissioners to reduce the aggregate assessment by one-third. Appellant apparently recognizes the force of respondents' position and seeks to meet it by asserting said judgment was void as, in effect, a consent judgment and the County Commissioners had no lawful authority to thus acquiesce in such a judgment and, therefore, the court did not have jurisdiction of the subject matter.

■ Conceding, without deciding, that appellants may, in the mandate proceedings, attack and show the invalidity of the underlying judgment sought to be enforced, see 155 A.L.R. 474, to pursue such a course herein would be without the complaint in intervention even mentioning the underlying judgment and perforce without any allegations charging its invalidity. True, reference is made to this judgment in the application to intervene and reference is made in the complaint to an agreement; however, the complaint in intervention must state a cause of action showing that the intervenors not only have an interest in the matter in litigation, in the success of either of the parties, or an interest against both. 5–322, I.C.

■ At best, appellant's attack upon the underlying judgment of May 16 is a collateral attack. O'Neill v. Potvin, 13 Idaho 721, at page 725, 93 P. 20; Baldwin v. Anderson, 51 Idaho 614, 8 P.2d 461; Caxton Printers, Ltd. v. Ulen, 59 Idaho 688, 86 P.2d 468; Tingwall v. King Hill Irr. Dist., 66 Idaho 76, 155 P.2d 605. A complaint in a collateral attack seeking to have a judgment set aside as void must allege defects appearing, ordinarily at least (and absent exceptions not herein pertinent, Welch v. Morris, 49 Idaho 781, 291 P. 1048) upon the face of the judgment roll. Occi-

420

dental Life Ins. Co. v. Niendorf, 55 Idaho 521, at page 529, 44 P.2d 1099; Hartenbower v. Mutual Ben. Life Ins. Co., 67 Idaho 254, at page 260, 175 P.2d 698.

Every allegation in the complaint in intervention could be true and still leave the underlying judgment upon which the mandamus was sought herein, standing. The complaint in intervention, therefore, fails to state a cause of action entitling appellant to intervene, Union Trust & Savings Bk. v. Idaho S. & R. Co., 24 Idaho 735, 135 P. 822; therefore, the Court's order striking it is affirmed. Costs awarded to petitioners-respondents.

PORTER, TAYLOR, THOMAS and KEETON, JJ., concur.